UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

Case No.

ROBERT MULLIGAN, individually,

    Plaintiff,

-vs-

NATIONSTAR MORTGAGE, LLC, a
Foreign Limited Liability Company,

    Defendant.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, ROBERT MULLIGAN, an Individual (*hereinafter* "Plaintiff") sues Defendant, NATIONSTAR MORTGAGE, LLC, a foreign limited liability company (*hereinafter* "Defendant") for violation of the Fair Debt Collection Practices Act ("FDCPA"), the Telephone Consumer Protection Act, ("TCPA"), and the Florida Consumer Collection Practices Act ("FCCPA") and in support thereof states as follows:

### PARTIES, JURISDICTION, AND VENUE

1. Plaintiff is a natural person and citizen of the State of Florida, residing in Broward County, Florida.

2. Defendant is registered with the Florida Department of State, Division of Corporations as a foreign limited liability company. Defendant's registered agent for service of process is Corporation Service Company, 1201 Hays Street, Tallahassee, Florida 32301.

3. Defendant is a Delaware Limited Liability Corporation with its principal place of business at 8950 ROBERT Cypress Waters Boulevard, Dallas, Texas 75019.

4. This Court has federal question jurisdiction because this case arises out of violations of federal laws: 28 U.S.C. § 1331 and 47 U.S.C. §227(b). *See Mims v. Arrow Fin. Servs.*, LLC, 132 S. Ct. 740 (2012).

5. Venue is proper in the United States District Court for the Southern District of Florida pursuant to 18 U.S.C. § 1391(b)(2), because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in the Southern District of Florida and Plaintiff is a resident of Broward, Florida, which falls within the Southern District of Florida.

## FACTUAL ALLEGATIONS

6. At all times material hereto, Plaintiff was a "person" as defined by 47 U.S.C. § 153(39).

7. At all times material hereto, Plaintiff was a "consumer" as defined by the Florida Consumer Collections Practices Act ("FCCPA").

8. At all times material hereto, Plaintiff was a consumer as defined by § 15 U.S.C. §1692a(3), who incurred the below-described debt for personal, family or household services.

9. At all times material hereto Defendant was a "debt collector" as contemplated by the FCCPA.

10. At all times material hereto Defendant's business was the regular collection of debts using the mail and/or telephone.

11. Defendant, is a loan servicer who obtained Plaintiff's loan/debt after it was in default, and is therefore a debt collector as defined by 15 U.S.C. §1692a(6).

12. Defendant serviced the loan for Plaintiff's mortgage/note.

13. On or about October 28, 2009, Defendant filed and maintained an action to

foreclose against Plaintiff in the name of U.S. Bank National Association as Trustee for the Certificate Holders of the LXS 066 I8N Trust Fund.

14. On or about January 4, 2010, Plaintiff's foreclosure counsel, entered a notice of appearance in the foreclosure lawsuit. (*See* Exhibit "A").

15. At that point, on January 4, 2010, Defendant had actual knowledge that Plaintiff was represented by counsel with regard to the alleged debts that Defendant was attempting to collect.

16. Despite having actual knowledge that Plaintiff was represented by counsel, Defendant began a series of harassing phone calls to Plaintiff between the dates of March 1, 2013 until December of 2015.

17. Defendant did not obtain the required express consent to call Plaintiff's cellular phone with autodialed and/or pre-recorded calls.[1]

18. In addition to the lack of original consent, during the months between February 3, 2014 and December 2015, Plaintiff repeatedly and expressly demanded that Defendant cease, desist, and never again contact him on his cellular phone.

19. In December of 2015, the Parties entered into a modification of the subject loan. In accordance with the loan modification agreement, Plaintiff made the modification payment for the month of January 2016.

20. Beginning February 1, 2016, Defendant again began placing autodialed and/or prerecorded calls to Plaintiff's cellular phone, attempting to collect alleged debts.

21. Defendant did not obtain the required express consent to call Plaintiff's cellular

---

[1] Under the TCPA, the burden is on Defendant to demonstrate that Plaintiff provided his prior express consent within the meaning of the statute.

[1589131/1]                                         3

phone with autodialed and/or pre-recorded calls.2

22.     In addition to the lack of original consent, on February 1, 2016, during three (3) calls by Defendant that same day, Plaintiff repeatedly and expressly demanded that Defendant cease, desist, and never again contact him on his cellular phone.

23.     Notwithstanding a lack of consent and express demand to cease and desist all calls to his cellular phone, Defendant placed over thirty-nine (39) autodialed and/or pre-recorded phone calls to Plaintiff on his cellular phone.

24.     Plaintiff is informed, believes, and based thereon alleges that all phone contact by Defendant to Plaintiff on his cellular phone occurred via an "automatic telephone dialing system," as defined by 47 U.S.C. § 227(a)(1), and/or used "an artificial or prerecorded voice" as described in 47 U.S.C. § 227(b)(1)(A).

25.     None of Defendant's phone calls placed to Plaintiff were for "emergency purposes" as specified in 47 U.S.C § 227 (b)(1)(A).

26.     Defendant's telephone calls to Plaintiff's cellular phone, which were placed through the use of an "artificial or prerecorded voice," or through an "automatic telephone dialing system" for non-emergency purposes, and in the absence of Plaintiff's prior express consent, violated 47 U.S.C. § 227(b)(1)(A).

27.     Upon information and belief, Plaintiff's experience is typical of that of other Defendant's customers, and that Defendant maintains a coordinated program of calling customers using an "automatic telephone dialing system" and/or "an artificial or prerecorded voice."

---

[2] Under the TCPA, the burden is on Defendant to demonstrate that Plaintiff provided her prior express consent within the meaning of the statute.

[1589131/1]                               4

28. Defendant willfully or knowingly violated the TCPA.

29. Defendant willfully or knowingly violated the FDCPA.

30. Defendant willfully or knowingly violated the FCCPA.

## COUNT I
## VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT ("TCPA")

31. Plaintiff reaffirms, realleges, and incorporates by reference Paragraphs 1 through 30.

32. Defendant, or others acting on its behalf, placed non-emergency phone calls to Plaintiff's cellular phone using an automatic telephone dialing system, and/or pre-recorded or artificial voice in violation of 47 U.S.C § 227 (b)(1)(A)(iii).

33. Defendant continued despite Plaintiff's demand to stop.

## COUNT II
## VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT ("FDCPA")

34. Plaintiff reaffirms, realleges, and incorporates by reference Paragraphs 1 through 30.

35. Despite having knowledge that Plaintiff was represented by an attorney, Defendant willfully communicated with Plaintiff to enforce an alleged debt.

Defendant, therefore, has violated the FDCPA, 15 USC 1692c and is liable to Plaintiff for statutory damages of $1,000.00 per culpable Defendant, together with attorney's fees and costs.

## COUNT III
## VIOLATION OF THE FLORIDA CONSUMER COLLECTIONS PRACTICES ACT ("FCCPA")

36. Plaintiff reaffirms, realleges, and incorporates by reference Paragraphs 1 through 30.

37. Despite having knowledge that Plaintiff was represented by an attorney,

Defendant willfully communicated with Plaintiff to enforce an alleged debt.

38. Defendant, therefore, has violated the FCCPA, Fla. Stat. § 559.72(18), and is liable to Plaintiff for statutory damages of $1,000.00 per culpable Defendant, together with attorney's fees and costs.

**WHEREFORE**, Plaintiff requests that this Court enter judgment in favor of Plaintiff and against Defendant for:

39. $500.00 dollars in statutory damages for each violation of the TCPA;

40. $1,500.00 dollars in statutory damages for each knowing, or willful, violation of the TCPA;

41. a declaratory judgment that Defendant has violated Plaintiff's rights under the TCPA;

42. a permanent injunction prohibiting Defendants from placing non-emergency phone calls to Plaintiff's cellular phone using an automatic telephone dialing system, or pre-recorded and/or artificial voice;

43. $1,000.00 dollars in statutory damages for violation of the FDCPA;

44. $1,000.00 dollars in statutory damages for violation of the FDCPA;

45. actual damages, including, without limitation, damages for mental anguish resulting from Defendant's statutory violations; attorney's fees and litigation costs; and such other and further relief as the Court deems proper.

## JURY TRIAL REQUEST

Plaintiff respectfully requests a jury trial on all issues so triable.

**Dated this 17th day of March, 2017.**

| | |
|---|---|
| THE ADVOCACY GROUP<br>Co-Counsel for Plaintiff, Robert Mulligan<br>333 Las Olas Way, CU3, Ste. 311<br>Ft. Lauderdale, Florida 33301<br>Tel: 954.282.1858<br>Fax: 1.844.786.3694<br>Email: jkerr@advocacypa.com<br>Service Email: service@advocacypa.com<br>By: /s/Jessica L. Kerr, Esq.<br>FBN 92810 | ZEBERSKY PAYNE, LLP<br>*Co-Counsel for Plaintiff, Robert Mulligan*<br>110 S.E. 6th Street, Suite 2150<br>Ft. Lauderdale, Florida 33301<br>Telephone: (954) 989-6333<br>Facsimile: (954) 989-7781<br>Primary Email:  jshaw@zpllp.com<br>Secondary Email:  mperez@zpllp.com<br><br>Florida Bar No. 111771 |